IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BONNIE HUTCHINSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BINGHAM COUNTY, a municipal ) <br> corporation of the state of Idaho, ) <br> d/b/a BINGHAM MEMORIAL ) <br> HOSPITAL, and ) <br> GRANT WALKER, M.D., in his ) <br> individual capacity, ) <br> ) <br> Defendants. ) <br> _____) | Case No. CV-06-13-E-BLW <br><br> **MEMORANDUM DECISION** <br> **AND ORDER** |

## INTRODUCTION

The Court has before it the Defendant's Motion to Dismiss. (Docket No. 5) The Court heard oral argument on June 8, 2006. The Court will deny the motion for the reasons expressed below.

## BACKGROUND

Defendant, Bingham County, employed plaintiff Bonnie Hutchinson as a certified nursing assistant at Bingham Memorial Hospital. Bingham County also employed Defendant Gary Walker as a physician. In addition to providing medical

**Memorandum Decision and Order – Page 1**

services Walker supervised nursing staff, including Hutchinson.

Hutchinson alleges that Walker "performed a number of acts intended to harass, intimidate, and abuse female employees . . . including [Hutchinson]." She alleges that these acts occurred in the course of Dr. Walker's duties at the hospital. Hutchinson further alleges that Bingham County knew of Walker's harassing behavior and did nothing about it.

Hutchinson further alleges that on March 2, 2005 Walker, in the course of his duties and without provocation, put his hands around Hutchinson's neck and squeezed so hard that she could not breathe or speak. Hutchinson reported the incident to supervisors who took no action.

Hutchinson alleges that Walker and Bingham County's conduct violated her substantive due process and equal protection rights under the 14th Amendment and is actionable under 42 U.S.C. § 1983. She also alleges a state law claim of negligent failure to protect against Bingham County. Finally, against Walker she alleges state law claims of assault, battery, and either negligent or intentional infliction of emotional distress.

## ANALYSIS

In resolving Defendant Walker's motion to dismiss the Court is presented with four issues: 1) does Hutchinson state a claim for which relief can be granted

**Memorandum Decision and Order – Page 2**

under 42 U.S.C. § 1983; 2) are the claims properly pled in the complaint; 3) can the Court retain supplemental jurisdiction over Hutchinson's common law claims; and 4) is Hutchinson required to plead compliance with the Idaho Tort Claims Act.

In reviewing Walker's Rule 12(b)(6) motion to dismiss the Court assumes, as it must, that all of the allegations in the Complaint are true, and will construe those allegations in a light most favorable to the Plaintiff. *DeGrassi v. City of Glendora*, 207 F.3d 636, 644 (9th Cir. 2000). All reasonable inferences are drawn in favor of the plaintiff. *Pelletier v. Fed. Home Loan Bank*, 968 F.2d 865, 872 (9th Cir. 1992). Dismissal is only proper if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *DeGrassi*, 207 F.3d at 644.

In order to establish a § 1983 claim, a plaintiff must show two things: 1) "deprivation of a right secured by the Constitution or laws of the United States," and 2) "that the defendant acted under color of state law." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2002). Here, the focal question is whether Hutchinson adequately alleged that Dr. Walker acted under color of state law. A § 1983 action typically does not lie against a private person; unless that person was a "willful participant in joint action with the State or its agents." *Id*. (citing *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)). A private person acts under color of state law when they

**Memorandum Decision and Order – Page 3**

act jointly with state officials, but a bare allegation of joint action is not enough to show state action. Hutchinson must "allege facts tending to show that [Walker] acted under color of state law or authority." *Degrassi*, 207 F.3d at 648.

The Complaint alleges that Dr. Walker was acting under color of state law as either an employee of the hospital or as an independent contractor. Walker contends that pleading in the disjunctive, in this manner, is fatal. He suggests that a substantial distinction exists between the status of an employee and that of a private contractor. Simply put, Dr. Walker contends that if he is a private contractor there is no state action. However, that distinction is not as clear-cut as Walker suggests.

While the actions of a state employee will almost always constitute state action and the actions of a state contractor will generally not, the case law requires a function-based analysis of the contractor's role and conduct. The Ninth Circuit, in *Kirtley v. Rainey*, established four alternative criteria for determining whether an individual's conduct constitutes state action: 1) public function, 2) joint action, 3) compulsion by the State, or 4) a nexus between the State and the private person's actions. *Kirtley,* 326 at 1092.

From the allegations of the Complaint, it seems clear that Hutchinson cannot prove any set of facts to support a claim that Dr. Walker was engaged in a public

**Memorandum Decision and Order – Page 4**

function on behalf of Bingham County.   The critical inquiry under the "public function test" is whether the private actor was charged with performing a function which is "traditionally the exclusive prerogative of the State."  *Brunette v. Humane Society of Ventura County*, 294 F.3d 1205, 1214 (9th Cir. 2002).  In *Brunette,* the court held that repairing a fighter jet does not qualify as state action under the public function test because it is a traditional function of government, but not its exclusive prerogative, at least when compared to other types of traditional functions like administering elections or running towns which are both traditionally and exclusively government functions.  *Id.* (citing *Vincent v. Trend W. Tech. Corp.*, 828 F.2d 563, 569 (9th Cir. 1987). The same analysis applies here – governments traditionally administer hospitals but it is not their exclusive domain.

Likewise, it appears from the Complaint that Hutchinson will be unable to establish facts supporting a claim that Bingham County compelled Dr. Walker to harass or assault female employees.   The compulsion test is fulfilled when the State's "coercive influence" or "significant encouragement" convert a private action into a State action.  *Kirtley*, 326 F.3d at 1094.  Courts originally found compulsion in cases where the government commanded a particular result and took away the private actor's choice in that area.  *Sutton v. Providence St. Joseph Med.*

**Memorandum Decision and Order – Page 5**

*Ctr*, 192 F.3d 826, 837 (9th Cir. 1999).  In cases involving a private defendant, the issue is whether the Defendant is liable for following a statute or government regulation.  *Id.* at 838.  Hutchinson does not allege that a statute, regulation, or command from Bingham County required Dr. Walker to harass female employees.

On the other hand, the Court cannot conclude that Hutchinson is unable to prove a set of facts supporting a claim of joint action between Bingham County and Dr. Walker.  Joint action between the State and a private party is present "when the state knowingly accepts the benefits derived from unconstitutional behavior."  *Kirtley*, 326 F.3d at 1093.  Hutchinson alleges that Dr. Walker's tortious conduct occurred in the course of his duties at the hospital.  She also alleges that Bingham County knew about Dr. Walker's conduct towards female employees.  The Court can reasonably infer that the county benefitted from Dr. Walker's supervision of the nursing staff.  These facts and inferences drawn in favor of the Plaintiff indicate that Hutchinson could establish facts showing joint action between Dr. Walker and Bingham County.

It also appears that Hutchinson may be able to prove facts which would support a claim that there was a nexus between Dr. Walker's actions and Bingham County.  *Kirtley*, 326 F.3d at 1094-95.  The nexus test is satisfied when there is "such a close nexus between the State and the challenged action that the seemingly

**Memorandum Decision and Order – Page 6**

private behavior may be fairly treated as that of the State itself." *Id*. In *Kirtley*, the Ninth Circuit concluded that there was no nexus between the State and a court-appointed guardian, because the guardian's actions were distinct and independent from the court. *Id*. The guardian's actions were distinct and independent, because she reported to the court as an independent investigator and she was an advocate of the child. *Id*. The court said that her actions were therefore not "fairly attributable to the state." *Id.* In this case, one can reasonably infer that, as an independent contractor, Dr. Walker acted on behalf of the hospital when he supervised the nurses and, as a supervisor, could not act independently of the hospital. Hutchinson alleges that the hospital knew about the harassment and assaults, that they occurred in the course of Dr. Walker's duties, and that the hospital did not do anything about this conduct. It therefore appears that Hutchinson could possibly establish facts supporting a claim that Dr. Walker's actions were not distinct and independent from Bingham County.

In summary, the Court concludes that Hutchinson's allegations in the disjunctive that Dr. Walker acted as an "employee" or as an "independent contractor" is not fatal to her § 1983 claim. A review of the allegations of the Complaint suggest that Hutchinson may well be able to establish facts necessary to establish the requisite state action even if Dr. Walker acted as an independent

**Memorandum Decision and Order – Page 7**

contractor.  This is all that is required to pass muster under Rule 12(b).[1]

On a Motion to Dismiss, the issue is whether the Complaint itself is legally sufficient to allow the Plaintiff to proceed with the litigation.  It is irrelevant whether the Plaintiff will ultimately succeed with her case.  *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  The questions of whether Dr. Walker is an employee of the state or an independent contractor and whether as an independent contractor he acted under color of state law[2] are more properly resolved in the context of a motion for summary judgment.

In light of the foregoing, the Court will deny Dr. Walker's Motion to Dismiss.  Since the motion to dismiss Counts One and Two will be denied, the Court will retain supplemental jurisdiction over the state common law claims alleged in Counts Four, Five and Six.

---

[1] Even if Hutchinson could not establish that Walker's conduct as an independent contractor constitutes state action, the allegations of the Complaint are still sufficient.  The Rule 8(a) notice pleading standard is applied to § 1983 actions.  *Empress LLC v. City of San Francisco*, 419 F.3d 1052, 1055 (9th Cir. 2005.).  Rule 8(e)(2) states "[w]hen two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements."  Although *Empress* only discusses Rule 8(a), Rule 8(e) describes the manner of pleading under Rule 8.

[2] Pursuant to 9th Cir. R. 36-3, Walker improperly cites an unreported Ninth Circuit decision for the proposition that independent contractors are not state actors for purposes of 42 U.S.C. § 1983.   Memorandum in Support of Defendant Walkers Motion to Dismiss Complaint, at 3, *citing Carlson v. San Mateo County*, 1996 U.S. App. LEXIS 32764, 1996 WL 717310.  This rule will change on January 1, 2007, however it will not apply retroactively.  Counsel still may not cite unpublished cases decided prior to the new rule's effective date.

**Memorandum Decision and Order – Page 8**

The Supreme Court of Idaho has held that a Plaintiff does not have to plead their compliance with the Idaho Tort Claims Act; however, non-compliance is an affirmative defense. *Smith v. Mitton*, 104 P.3d 367, 372 (Idaho 2005). Accordingly, it would be inappropriate to dismiss the complaint based upon a failure to allege compliance with the requirements of that Act.

## ORDER

In accordance with the views expressed in the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the Motion to Dismiss (Docket No. 5) filed by Defendant Walker, is hereby, DENIED.

DATED: **July 5, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court